FILED
SUPERIOR COURT
OF GUAM

2014 AUG 29 AM 9: 12

CLERK OF COURT

BY: _____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | Civil Case No. CV0471-07 |
| Plaintiffs. | |
| vs. | DECISION AND ORDER: Plaintiffs Rosario Bautista and Manuel Sholing's "First Amended Motion for Reconsideration of April 17, 2013 Decision and Order" |
| FRANCISCO TORRES, Individually and as the Previous Special Administrator and Now Executor of the Estate of Jesus U. Torres, Deceased, and PETER F. PEREZ | |
| Defendant. | |
| DANIEL U. TORRES and BARBARA M. DeMELLO, TRUSTEE UNDER THE ESTEBAN TORRES FAMILY TRUST DATED MAY 12, 1995 | |
| Intervenor Plaintiffs. | |
| vs. | |
| ROSARIO S. BAUTISTA and MANUEL C. SHOLING, | |
| Defendants, | |
| And | |
| GLORIA C. SHOLING, | |
| Third-Party Defendant. | |

## INTRODUCTION

This matter came before the Court on Plaintiffs' Motion to Reconsider the Court's April 17, 2013 Decision and Order Granting Defendant Peter Perez's Motion for Summary Judgment.

1

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order

Attorney Wayson W.S. Wong represented Plaintiffs Rosario Bautista and Manuel Sholing. Defendant Peter Perez was represented by Attorney R. Todd Thompson. Upon review of the evidence, written arguments, and legal authorities presented, the Court hereby issues this Decision and Order DENYING Plaintiffs' motion.

## BACKGROUND[1]

In 1967, Mrs. Ana Sholing and her three children,[2] Manuel Sholing ("Plaintiff Sholing"), Rosario Bautista ("Plaintiff Bautista") and Gloria Sholing, owned property in Tumon, Guam ("PIC property") on which the Pacific Islands Club Guam ("PIC") is situated.[3]  On September 22, 1967, the Sholing family retained Attorney Jesus U. Torres ("Attorney Torres") to handle legal matters regarding the PIC property for a monthly fee of $200.[4] Thereafter, on October 15, 1987, Ana Sholing[5] entered into an amended agreement ("Amended Agreement") with Attorney Torres regarding negotiation of an amended PIC lease and future legal services.[6]  Under this Agreement, Attorney Torres was entitled to ten percent (10%) of revenue generated from PIC rents for twenty-five (25) years as attorney fees, commencing October 1, 1987, and terminating on September 30, 2012.[7]

Pursuant to the Amended Agreement, Attorney Torres performed legal work to assist Mrs. Sholing in negotiating the amended lease for the PIC property in 1987, which significantly

---

[1] In order to ensure consistency in evaluating the claims against Defendant Perez, the pertinent facts in this section are largely adopted from this Court's Previous Decision and Order granting Defendant Perez's Motion for Summary Judgment.
[2] All three children will be collectively referred to as the "Sholing family."
[3] Third Amended Complaint ¶ 7 at 2, filed July 10, 2009 ("Compl.").
[4] Id. ¶ 9 at 2.
[5] Ana Sholing became the attorney-in-fact for her three children to handle their collective interest in the PIC property. Id. ¶ 8 at 2.
[6] See Id. ¶¶ 11-12 at 2-3; see also Compl., Exhibit B to Exhibit 1 (October 15, 1987 Property Management and Retainer Agreement ("Amended Agreement")).
[7] Compl. ¶¶ 11-12 at 2-3; see Amended Agreement.

2

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order

increased the amount of rent paid to the Sholing family.[8] After negotiating the amended lease, Attorney Torres took charge of collecting rent for the PIC property and distributed payments to the Sholing family.[9] Along with said rental disbursements, Attorney Torres included periodic rent statements to the Sholing family (including each of the plaintiffs) as early as the 1980s, informing them of the total rent amount collected as well as the amounts deducted for taxes and attorney's fees.[10] These statements explicitly reflect that Attorney Torres deducted ten percent (10%) of the PIC property rent in payment of attorney's fees.[11]

After the death of Attorney Torres on August 27, 2002,[12] Defendant Perez continued rent collections for the PIC property[13] as well as notifications of the ten percent fee deductions.[14] As such, the rent statements sent by Defendant Perez remained consistent with those previously sent by Attorney Torres to Plaintiffs.[15]

Despite believing that the Amended Agreement took unfair advantage of their mother, Ana Sholing, Plaintiffs nonetheless waited until after her death in September, 2005,[16] before raising concerns about the ten percent deductions.[17] Plaintiffs stated that, although they

---

[8] Compl. ¶ 10 at 2.

[9] *Id.* ¶ 12 at 3.

[10] Defendant's Motion for Summary judgment, filed May 10, 2010 ("Motion"), Manual Sholing Deposition Transcript ("Sholing Depo."), p. 103, ll. 11-19 (March 10, 2010); Motion, Rosario S. Bautista Deposition Transcript ("Bautista Depo."), p. 67, ll. 14-25 (March 11, 2010); Motion, Deposition Exhibit File for Sholing Depo. and Bautista Depo. ("Depo. Ex. File"), Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres).

[11] Motion, Sholing Depo., p. 103, ll. 11-19 (March 10, 2010); *see also* Motion, Bautista Depo., p. 67, ll. 14-25, p. 68, ll. 1-2 (March 11, 2010); Motion, Depo. Ex. File, Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres).

[12] Compl. ¶ 13, at 3.

[13] Motion, Bautista Depo., p. 77, ll. 17-25; p. 78, ll. 1-22 (March 11, 2010); *See, e.g.*, Motion, Depo. Ex. File, E-1 (Statement of Rent from Defendant Perez).

[14] Motion, Depo. Ex. File, E-1 (Statement of Rent from Defendant Perez).

[15] *Compare* Motion, Depo. Ex. File, Exs. W, X, Y, Z, A-1, B-1, C-1, and D-1 (Statements of Rent from Attorney Jesus U. Torres) *with* Motion, Depo. Ex. File, Ex. E-1 (Statement of Rent from Defendant Perez).

[16] Complaint ¶ 47, at 7.

[17] Motion, Sholing Depo., p. 192, ll. 21-25; p. 193, ll. 1-5 (March 10, 2010); Motion, Bautista Depo., p. 69, ll. 16-21, p. 70, ll. 1-25; p. 71, ll. 1-17; p. 80, ll. 1-25; p. 81, ll. 1-4 (March 11, 2010).

3

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order

suspected that such deductions were excessive, they had not challenged the collection of fees prior to Ana Sholing's death out of respect for her. [18]

Plaintiffs had access to independent legal counsel as early as the 1990s, but declined taking any action against Attorney Torres with regard to the deductions. [19] Indeed, Plaintiffs admitted this fact explicitly in their deposition testimony. [20] Plaintiffs eventually contacted their current counsel, Wayson W.S. Wong ("Attorney Wong") to represent them in the present case.[21] On August 30, 2006, Attorney Wong advised Defendant Perez, via letter, that Plaintiffs were entitled to each receive $221,833.33 from the forthcoming PIC rental check.[22] This amount includes in its calculation the ten percent deduction for attorney's fees.[23] On November 15, 2006, Attorney Wong, on behalf of Plaintiffs, sent another letter to Defendant Perez objecting to further deductions under the Amended Agreement.[24] On April 23, 2007, Plaintiffs filed claims against the Torres Estate and Defendant Perez, for breach of fiduciary duty, rescission and restitution, deceptive trade practices, and negligence. [25]

On May 10, 2010, Defendant Perez moved for summary judgment, claiming, among other grounds, that Plaintiffs' claims were time-barred by the statute of limitations.[26] This Court

---

[18] Motion, Sholing Depo., p. 96, ll. 13-25; p. 97, ll. 1-25; p. 98; ll. 1-10 (March 10, 2010); Motion, Bautista Depo., p. 68, ll. 20-25; p. 69, ll. 1-21, p. 70, ll. 1-25; p. 71, ll. 1-17; p. 80, ll. 1-25; p. 81, ll. 1-4 (March 11, 2010).

[19] *See* Motion, Bautista Depo., p. 25, ll. 7-24; p. 30, ll. 3-7; p. 31, ll. 2-11 (March 11, 2010); Motion, Sholing Depo., p. 50, ll. 4-9; p. 226, ll. 3-5 (March 10, 2010); Motion, Depo. Ex. File, Ex. T (Deed of Gift).

[20] Motion, Sholing Depo., p. 193, ll. 6-11 (March 10, 2010); Motion, Bautista Depo., p. 71, ll. 4-10 (March 11, 2010).

[21] Motion, Bautista Depo., p. 21, ll. 4-13 (March 12, 2010).

[22] Motion, Bautista Depo., p. 33, ll. 12-17 (March 12, 2010); Motion, Depo. Ex. File., Ex. N-1 (August 30, 2006 Letter from Attorney Wayson Wong to Defendant Perez).

[23] *Id.*

[24] Compl. ¶ 49 at 7.

[25] *See generally id.*

[26] Notice of Motion and Motion for Summary judgment, CV0471-07 (May 10, 2010).

4

granted summary judgment on April 17, 2013.[27] Plaintiffs now move for reconsideration of that Decision.[28]

## DISCUSSION

A trial court may reconsider its grant of final summary judgment under either Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Motions for reconsideration are under these rules are appropriate where the trial court: "(1) is presented with new evidence; (2) committed clear error or the decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Ward v. Reyes*, 1998 Guam 1 ¶ 10 (citation omitted). Conversely, motions for reconsideration of an interlocutory order are governed according to Rule 7.1 of the Superior Court of Guam's Local Rules. Guam. Super. Ct. CVR. 7.1 (i); *see also In re Benham*, 2013 WL 3872185 at *2 (C.D. Cal. May 29, 2013); *Lozano v. AT & T Wireless*, 2003 WL 25548566, at *1 (C.D.Cal. Aug. 18, 2003). Under this standard, reconsideration may be granted only upon showing of:

> (1) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or,
> (2) the emergence of new material facts or a change of law occurring after the time of such decision, or,
> (3) a manifest showing of a failure to consider material facts presented to the Court before such decision.

*Id.*

In addition, "No motion for reconsideration shall in any manner repeat any oral or written argument made in support of or in opposition to the original motion." *Id.*

---

[27] *Bautista and Sholing v. Torres and Perez*, CV0471-07, Decision and Order (Apr. 17, 2013).
[28] Though Plaintiffs filed this document as a "first amended" Motion for Reconsideration, this is not a pleading subject to the rules regarding leave to amend. *See* Guam R.Civ.P. Rule 15. Accordingly, the Court addresses it simply as a Motion for Reconsideration

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order

## Timeliness

A motion for reconsideration must comply with the Guam Rules of Civil Procedure. Guam. Super. Ct. R. CVR. 7.1. These rules state that a request for the Court's reconsideration through a motion to amend judgment must occur within 10 days after a decision is rendered. Guam R.Civ.P. 59 (e). If reconsideration is sought through a request for relief from judgment, it must "be made within a reasonable time" and may not be submitted "more than one year after the judgment, order, or proceeding was entered or taken." G.R.C.P. 60 (b). However, these time limitations are applicable only to orders which constitute final judgments. *Id.* By contrast, interlocutory orders are "subject to reconsideration by the court at any time." *Preaseau v. Prudential Ins. Co. of Am.*, 591 F.2d 74, 79-80 (9th Cir. 1979); *Guam Housing and Urban Renewal Authority v. Pacific Superior Enterprises Corp.*, 2001 Guam 8 ¶ 12-13. The pertinent question is thus whether the Court's grant of summary judgment constitutes an interlocutory order.

"A partial summary judgment differs from a complete summary judgment in that it cannot end a proceeding and is therefore interlocutory." *Rojas v. Rojas*, 2007 Guam 13, n. 3 (citing Am.Jur.2d Summary Judgment § 63 (Westlaw through July 2007)). Additionally, a grant of summary judgment is considered interlocutory until such time as it is "merged into a final judgment disposing of all parties and issues." *S. Texas Wildhorse Desert Invs., Inc. v. Texas Commerce Bank-Rio Grande Valley, N.A.*, 314 B.R. 107, 117 (S.D. Tex. 2004). In this case, the Court granted complete summary judgment as to all claims against Defendant Perez. *See* Judgment, CV0471-07 (May 31, 2013). However, on review, the Supreme Court of Guam determined that the remaining disputes with regard to other parties prevented final judgment as to any individual party absent severance. *See* Supreme Court Order, CVA13-020 (Dec. 2, 2013).

6

As such, the Decision and Order granting Defendant Perez summary judgment was merely interlocutory and is subject to reconsideration at any time before final judgment in this case. *See Noreen v. Price Dev. Co. Ltd. P'ship*, 25 P.3d 129, 133 (Id. Ct. App. 2001) ("until entry of a final judgment or a Rule 54(b) certificate, an order for summary judgment must be considered interlocutory and subject to reconsideration"); *Pan Am. Petroleum Corp. v. Texas Pac. Coal & Oil Co.*, 324 S.W.2d 200 (Tx. 1959) ("summary judgment which does not dispose of all parties and issues in the pending suit is interlocutory.").

### Merits of Plaintiffs' Motion for Reconsideration

In their request for reconsideration, Plaintiffs allege that the Court clearly erred in dismissing Counts Ten through Twelve (10-12) as well as Counts Five (5) and Seven (7) of their Third Amended Complaint. *See* First Amended Motion for Reconsideration, CV0471-07 at 2 (Jul. 25, 2014). Specifically, Plaintiffs state that, even if the claims against the Torres estate were found to be time-barred, such determination would not warrant dismissal of the claims against Defendant Perez. *Id.* at 5-8. To support this point, Plaintiffs reiterate that the alleged acts and omissions of Defendant Perez occurred long after the Amended Agreement. *Id.* Additionally, they assert that such conduct constituted fraud, deceptive trade practices, and breaches of Defendant Perez's fiduciary duties. *Id.* Further, Plaintiffs dispute that Laches was applicable to these allegations, as they claim Ana Sholing and Jesus Torres were not witnesses to the relevant conduct. *Id.* at 9-11. Thus, Plaintiffs conclude that Defendant Perez's actions from 2002-2006 themselves constitute independent and actionable violations for which this suit is timely. *Id.* at 5-8. The Court disagrees.

A motion for reconsideration will be denied "unless the moving party can point to controlling decisions or data that the court overlooked... that might reasonably be expected to

7

alter the conclusion reached by the court." *Davidson v. Scully*, 172 F. Supp. 2d 458, 461-62 (S.D.N.Y. 2001) (citations omitted). Such a motion may not be used as a vehicle for rehashing or re-litigating issues already decided by the Court. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir.1995); *see also Soto–Padró v. Public Buildings Authority, et al.*, 675 F.3d 1, 9 (1st Cir.2012) ("[a] party cannot use a Rule 59(e) motion to rehash arguments previously rejected…") (citations omitted); *Sanchez Rodriguez v. Departamento de Correccion y Rehabilitacion*, 537 F. Supp. 2d 295, 297 (D.P.R. 2008) ("Whether under Rule 59 or Rule 60, a motion for reconsideration cannot be used as a vehicle to rehash matters previously litigated and decided by the Court.") (citations omitted). Accordingly, "a motion for reconsideration is not properly grounded in a request for a district court to rethink a decision it has already made, rightly or wrongly." *Williams v. City of Pittsburgh*, 32 F.Supp.2d 236, 238 (W.D.Pa., 1998). Further, in the interest of finality, a court should treat reconsideration as an extraordinary remedy, appropriate only in "unusual and extreme situations where principles of equity *mandate* relief." *Jinks v. AlliedSignal Inc.*, 250 F.3d 381, 387 (6th Cir.2001); *Torres v. Gonzalez*, 980 F. Supp. 2d 143, 146 (D.P.R. 2013) ("because of the narrow purposes for which they are intended, Rule 59(e) motions typically are denied.") (citations omitted).

In the present case, the Motion for Reconsideration is without merit. Plaintiffs present no showing of an intervening change in law or facts which would affect the outcome of the Court's decision. Instead, Plaintiffs merely echo their initial allegations against Defendant Perez and assert that the Court committed clear error in dismissing them. This is precisely the type of impermissible re-litigation of settled issues disfavored by case law and prohibited by the Superior Court rules. *See supra*, *Shrader* 70 F.3d at 257; *Soto–Padró* 675 F.3d at 9; Guam. Super. Ct. R. CVR. 7.1. Plaintiffs, apparently under the assumption that the Court misunderstood

8

or failed to properly consider their claims, emphasized that the alleged acts and omissions of Defendant Perez occurred between 2002 and 2006, separate from the 1987 Amended Agreement. However, the Court was well aware of this nuance when the initial summary judgment was rendered. Decision and Order, at 3-4. Even accepting this fact, however, the determination of whether such conduct constituted a breach of fiduciary duty nonetheless turned upon whether Plaintiffs retained any rights with regard to the Agreement. *Id.* at 12-13. In this case, the statute of limitations had extinguished any remedies plaintiffs had to rescind or challenge to the contract. *Id.* at 10-11. Thus, Defendant Perez could not have committed fraud or breached a duty by failing to disclose a right or recourse which Plaintiffs no longer possessed. *Id.* at 12-13. On the contrary, advising Plaintiffs to violate their contractual obligations in order to bring a suit they were incapable of litigating could itself constitute a potential breach of his fiduciary duty of competence. Further, Plaintiffs' inability to challenge or alter the terms of the agreement extinguished any potential conflict of interest, since Plaintiffs and Defendant Torres could no longer litigate a cognizable claim as adversarial parties. *Id.* Finally, the scope of Defendant Perez's duties of representation and disclosure regarding the terms of the Amended Agreement necessarily depends on whether the Agreement was legitimate and enforceable. As such, the Court correctly applied the Doctrine of Laches, finding that Plaintiffs' delay until after the deaths of Ana Sholing and Jesus Torres had materially prejudiced Defendant Perez. *Id.* at 13-15. In light of these reasoned conclusions and lack of new analysis by the Plaintiffs, the grant of summary judgment easily satisfies the minimally-stringent standard of reconsideration review.

The Court recognizes that Plaintiffs disagree with its determination regarding both the statute of limitations and Defendant Perez's performance of his fiduciary duties. However, such disapproval is not sufficient to show manifest error in the decision. *Oto v. Metro. Life Ins. Co.*,

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order

224 F.3d 601, 606 (7th Cir. 2000) ("A manifest error is not demonstrated by the disappointment of the losing party.") (internal quotations omitted). As correctly pointed out in Defendant Perez's Opposition, the appropriate remedy for such dissatisfaction is appeal, not reconsideration. *Sanchez Rodriguez*, 537 F. Supp. 2d at 297 ("This remedy motion is not to be used as a substitute for appeal.") (citations omitted); *Davidson*, 172 F. Supp. 2d at 462 (citing *Morales v. Quintiles Transnational Corp.*, 25 F.Supp.2d 369, 372 (S.D.N.Y.1998) ("[A] motion for reconsideration is not a substitute for appeal and may be granted only where the Court has overlooked matters or controlling decisions which might have materially influenced the earlier decision. ") (internal quotations omitted). Upon examination, the Court's reasoning for granting Defendant Perez summary judgment remains sound and devoid of error.

## CONCLUSION

Based on the foregoing reasons, the Court DENIES Plaintiffs' Motion for Reconsideration.

**SO ORDERED** this *27th* day of August, 2014.

HONORABLE KATHERINE A. MARAMAN
Judge, Superior Court of Guam

SERVICE VIA COURT BOX
I acknowledge that a copy of the
Original hereto, was placed in the
court box of:
Berman/J.Terlaje /C{UIIIETANG
Phillips/Bordallo /W.WING/TORRES LAW GROUP
Thompson Alcantara/Fube
Date: 8/29/14 Time: 11:00A
Deputy Clerk, Superior Court of Guam

*Bautista and Sholing v. Torres and Perez* (CV0471-07)
Decision and Order